UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RASTELLI BROTHERS, INC. d/b/a
RASTELLI FOODS GROUP,

      Plaintiff,

  v.

JUSTICE GOVERNMENT SUPPLY,
INC., *et al*,

      Defendants.

No. 1:24-cv-0390

**ORDER**

**O'HEARN, District Judge.**

    **WHEREAS,** this matter comes before the Court on Plaintiff's, Rastelli Brothers, Inc., ("Plaintiff"), Motion for Default Judgment as to both Defendants Justice Government Supply, Inc., and Steven Pietro, (ECF No. 13); and

    **WHEREAS,** Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a properly served defendant who fails to respond; and

    **WHEREAS,** "[b]efore the Court can enter default judgment, it must find that process was properly served on the Defendant," *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)), and "the party asserting the validity of service bears the burden of proof on that issue," *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); and

    **WHEREAS,** "the Court is required to exercise sound judicial discretion in deciding whether [default] judgment should be entered . . . mak[ing] it clear that the party making the request

is not entitled to a default judgment as of right, even when defendant is technically in default," *Martino v. Comm'r of Soc. Sec.*, No. 19-10999, 2021 WL 1268318, at *1 n.2 (D.N.J. Apr. 6, 2021) (internal quotation marks and citation omitted); and

**WHEREAS,** neither the Executed Returned Summons filed by Plaintiff for the corporate Defendant, Justice Government Supply, Inc., (ECF No. 4,6), nor the Motion for Default Judgment, (ECF No. 13), contain any facts of record from which the Court can conclude proper service was effectuated pursuant to Federal Rule of Civil Procedure 4(h); and

**WHEREAS,** Plaintiff's Brief in Support of Motion for Default Judgment simply states that the corporate Defendant was served as "substantially stated in the Affidavit for Entry of Default" (ECF No. 13-3 at 14); but

**WHEREAS,** the Executed Returned Summons for the corporate defendant states the process server received the request to effectuate service upon "Justice Government Supply, Inc. c/o Gary Wittock as Registered Agent, 2770 S. Horsehoe Drive, Suite #7, Naples, FL 34104" yet further therein states that service was purportedly effected upon "Steven R. Pietro as President for Justice Government Supply, Inc. at the alternate address of 555 Pacific Grove Drive, Unit 2, West Palm Beach, FL 33401," (ECF No. 4); and

**WHEREAS,** Plaintiff, who bears the burden of proof on this issue, has not demonstrated that by affidavit or other factual evidence that Mr. Pietro is in fact "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," FED. R. CIV. P. 4(h)(1)(B), or that he holds a similar role that satisfies Federal Rule of Civil Procedure 4(h) or New Jersey Court Rule 4:4-4; and

**WHEREAS**, less than thirty days after the filing of the instant Motion, the individual defendant, Steven Pietro, filed an "Application for Motion to Dismiss for Failure of Proper Service

of Process," (ECF No. 15), which the Court will liberally construe as an opposition to Plaintiffs' Motion for Default Judgment which denies that either Defendant was properly served; but

**WHEREAS**, a corporation may not appear pro se in this Court and must be represented by an attorney and, as such, the Court cannot consider the opposition, (ECF No. 15), to be filed on behalf of the corporate Defendant; and

**WHEREAS**, there appears to be a factual dispute as to whether or not proper service was effectuated on the individual defendant; and

**WHEREAS**, courts prefer to adjudicate disputes on the merits of the dispute and not procedural default; and

**WHEREAS**, for the reasons stated above, Plaintiff fails to meet its burden to show proper service has been effectuated as to the corporate Defendant; thus

**IT IS** on this  3rd  day of  October , 2024,

**ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 9), is **DENIED** without prejudice as to the corporate defendant, Justice Government Supply, Inc., and **DENIED** with respect to defendant Steven Pietro; and it is

**FURTHER ORDERED** that Plaintiff is granted sixty (60) days to effectuate proper service upon the corporate Defendant, and/or re-file its Motion providing sufficient factual information from which the Court can determine service was indeed properly made as to the corporate Defendant; and it is

**FURTHER ORDERED** that Defendant, Steven Pietro, shall only act as pro se counsel for himself and not for the corporate Defendant and that Defendant, Steven Pietro, shall file an answer and/or otherwise respond to the Complaint within twenty-one (21) days of the date of this Order.

*Christine P. O'Hearn*

**CHRISTINE P. O'HEARN**
**United States District Judge**

4